JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 14-08303-JLS (VBKx)                                         Date:  December 16, 2014
Title:  Jerome Lew v. Medtronic, Inc. et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                                                   Not Present

**PROCEEDINGS:**   **(IN CHAMBERS) ORDER (1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT, JOIN PARTIES AND REMAND (DOC. 8) AND (2) DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT**

   Before the Court is a Motion for Leave to Amend Complaint, Join Parties and Remand ("Joinder Motion") filed by Plaintiff Jerome Lew.  (Joinder Mot., Doc. 8.) Defendants Medtronic, Inc. and Medtronic Sofamor Danek USA, Inc. (collectively, "Medtronic") filed an Opposition, and Plaintiff replied.  (Joinder Opp'n, Doc. 17; Joinder Reply, Doc. 21.)  Also before the Court is a Motion to Dismiss Plaintiff's Complaint filed by Defendants.  (Dismiss Mot., Doc. 14.)  Plaintiff filed an Opposition, and Defendants replied.  (Dismiss Opp'n, Doc. 19; Dismiss Reply, Doc. 20.)  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing on the Motion, set for December 19, 2014, at 2:30 p.m., is VACATED.  For the reasons stated below, the Court GRANTS Plaintiff's Joinder Motion, and DENIES Defendants' Motion to Dismiss as moot.  The Court REMANDS this case to Los Angeles Superior Court, Case No. SC123264.

I.   **BACKGROUND**

   On November 14, 2014, Plaintiff Jerome Lew filed the present Joinder Motion, seeking to join Jeffrey C. Wang, M.D. and The Regents of the University of California pursuant to Federal Rule of Civil Procedure 20(a) and 28 U.S.C. § 1447(e).  (Joinder

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. CV 14-08303-JLS (VBKx) | Date:  December 16, 2014 |
| Title:  Jerome Lew v. Medtronic, Inc. et al. | |

Mot. at 1.)  Lew alleges that Dr. Wang is an employee of The Regents and a clinical instructor and orthopedic surgeon at UCLA Medical Center.  (Notice of Removal, Ex. 1, "Compl.," ¶ 32, Doc. 1-1.)  Dr. Wang performed a spinal surgery procedure on Lew at The Regents' UCLA Medical Center in Santa Monica, California.  (Id. ¶ 47.)  Lew also requests that, if the Court permits Lew to file a First Amended Complaint ("FAC") and add Dr. Wang and The Regents as defendants, the Court remand this action because Lew, Dr. Wang, and The Regents are all California residents and complete diversity will be destroyed.  (See Joinder Mot. at 1.; Compl. ¶¶ 2-8.)

**A. Factual History**

Lew alleges in his Complaint that, on or about March 31, 2009, Lew consulted Dr. Wang regarding numbness and pain in both of his hands.  (Id. ¶ 43.)  Dr. Wang diagnosed Lew with "cervical stenosis and cervical myelopathy with herniated disk at C4-C5 and C5-C6, and degenerative disk disease."  (Id.)

On May 11, 2009, Lew underwent spinal surgery.  (Id. ¶ 47-48.)  Dr. Wang performed an "anterior C5 vertebrectomy and corpectomy, and C4-C6 anterior interbody fusion" at The Regents' UCLA Medical Center in Santa Monica, California.  (Id. ¶ 47.)  Lew describes the surgery as follows:

> Dr. Wang removed the central portion of the C5 vertebral body and used a vertebral body replacement device to fill the space where the C5 was partially removed.  Then he inserted the Infuse®-soaked absorbable collagen sponge and bone from the C5 vertebra into the cervical corpectomy cage with the intention that it would stimulate bone growth over time in order to "fuse."

(Id. ¶ 48.)

Lew contends that the Infuse® Bone Graft used during his surgery was designed by Medtronic for only "anterior approach lumbar spine surgery."  (Id. ¶ 12.)  On July 2, 2002, Infuse® was approved through the premarket approval process by the United States Food and Drug Administration ("FDA") "for use at a single level in the lower region of the spine (L4 through S1) with a lumbar fusion containment cage to treat degenerative

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. CV 14-08303-JLS (VBKx) | Date:  December 16, 2014 |
| Title:  Jerome Lew v. Medtronic, Inc. et al. | |

disc disease." (Id. ¶ 13.) Lew alleges that the FDA approval was later expanded to permit the use of Infuse® at another level in the lower region of the spine (L2 through S1), but that Infuse® has never been approved for use in the cervical spine (the region of the spine that was the subject of Lew's spinal surgery). (Id. ¶¶ 13-19.)

According to the Complaint, on July 1, 2008, "the FDA issued a Public Health Notification ("Safety Alert") to healthcare practitioners about complications from the use of . . . Infuse®[] in the neck or cervical area of the spine . . . with some reports of life-threatening and fatal events." (Id. ¶ 21.) Lew alleges that Medtronic, Dr. Wang, and The Regents were aware of the July 1, 2008 FDA Safety Alert, but still performed the surgery on Lew using Infuse®. (Id. ¶ 24.) Lew contends that he was unaware that Infuse® had not been approved by the FDA for the type of cervical spine surgery that was performed on him. (Id. ¶ 28.)

Lew alleges that Dr. Wang had a financial relationship with Medtronic by which he would receive royalties for products manufactured by Medtronic, including those used during spinal surgery. (Id. ¶¶ 33-34.) Lew further contends that Medtronic paid Dr. Wang "to consult on development of products, including attending product design meetings for Medtronic" and for Dr. Wang's research on Medtronic's medical devices, including the Infuse® product. (Id. ¶¶ 35-37.) Lew alleges that the "cervical corpectomy cage and Infuse® product" that Dr. Wang used during Lew's surgery were manufactured and provided by Medtronic, and that a sales representative from Medtronic was in the operating room during Lew's surgery. (Id. ¶¶ 48-49.)

According to the Complaint, Dr. Wang never informed Lew of Dr. Wang's financial relationship with Medtronic or that Dr. Wang intended to use Medtronic's products during Lew's spinal surgery. (Id. ¶ 44.) Lew alleges that he believed that his surgery would consist of only "an autograft from bone harvested from his own body during the surgery" and was never informed that Infuse® would be used. (Id. ¶ 46.) As a result, Lew alleges that he did not consent to "a corpectomy or removal of his C5 vertebra," "replacement of the partially removed C5 vertebra with a corpectomy cage," or "use of the Infuse® product." (Id. ¶¶ 50-52.) Lew also alleges that he "did not consent to a multi-level surgical procedure. He only consented to a single C5-6 procedure." (Id. ¶ 53.) Further, according to Lew, "[n]either Medtronic nor Dr. Wang nor The Regents

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. CV 14-08303-JLS (VBKx) | Date: December 16, 2014 |
| Title: Jerome Lew v. Medtronic, Inc. et al. | |

disclosed to [Lew] that an unapproved or uncleared cervical corpectomy cage would be implanted during his surgery." (Id. ¶ 61.) Based on these facts, Lew contends that Medtronic and Dr. Wang "were experimenting with the use of rhMBP (Infuse®) in the cervical spine. Medtronic provided the Infuse® and cervical corpectomy cage, Dr. Wang provided the patient/human subject, Mr. Lew, and The Regents allowed the uncleared/unapproved cervical corpectomy cage to enter its hospital and be implanted in Mr. Lew." (Id. ¶ 60.)

Lew alleges that, in March 2011, he underwent a Computerized Tomography ("CT") scan that revealed "evidence of bony overgrowth present around and outside the corpectomy cage," and that subsequent radiology studies "revealed evidence of bony overgrowth posteriorly from the cage entering into the canal and compressing the cord." (Id. ¶ 63.) According to Lew, "[e]xcessive bony overgrowth is one of the known, inherent dangers associated with the improper use of the Infuse® bone graft, and one of the primary reasons it is not approved for use in the cervical spine." (Id. ¶ 65.) On September 5, 2012, Lew underwent "a cervical laminectomy and bilateral neural foraminotomies" to attempt to correct the significant bony overgrowth. (Id. ¶ 64.) However, despite this second surgery, Lew "continues to suffer from chronic nerve damage as a result of the surgery." (Id.)

### B. Procedural History

On September 18, 2012, Lew served Dr. Wang, The Regents, and other healthcare providers with Notices of Intention to Commence Action letters pursuant to California Code of Civil Procedure § 364. (Joinder Mot., Ex. 2, "§ 364 Notices," Doc. 8-1.) Under § 364 "[n]o action based upon the health care provider's professional negligence may be commenced unless the defendant has been given at least 90 days' prior notice of the intention to commence the action." Cal. Civ. Proc. Code § 364(a).

On September 21, 2012, Lew filed a complaint in Orange County Superior Court against Medtronic, based on the same underlying facts at issue in the present Joinder Motion. (Joinder Mot., Ex. 3, "First Medtronic Complaint," Doc. 8-1.) Lew's First Medtronic Complaint alleges that "[o]nce the 90-day wait period [pursuant to § 364]

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. CV 14-08303-JLS (VBKx)                                    Date:  December 16, 2014
Title:  Jerome Lew v. Medtronic, Inc. et al.

expires without resolution, [Lew] intends to amend his complaint to name Dr. Wang [and The Regents] as [] defendant[s]." (Id. ¶¶ 57-58.) However, on October 16, 2012, prior to the expiration of the 90-day wait period, Medtronic removed the First Medtronic Complaint to federal court based on diversity. (Joinder Mot., Ex. 4, "First Removal," Doc. 8-1.)

On October 26, 2012, and October 29, 2012, Lew and Medtronic signed an agreement entitled "Tolling Agreement." (Joinder Mot., Ex. 5, "Tolling Agreement," Doc. 8-1.) The Tolling Agreement provides that Lew "will voluntarily dismiss without prejudice the Complaint . . . in exchange for Medtronic's agreement to toll or suspend the running of any and all statutes of limitations that may apply to the claims asserted in the Complaint as of September 21, 2012." (Id. ¶ 6.) Further, the Tolling Agreement states that if Lew "files a lawsuit concerning a claim that was tolled by this Tolling Agreement, [Lew] shall file such lawsuit only in the federal district where he is domiciled or where he had Infuse® implanted during a surgery." (Id. ¶ 9.) After signing the Tolling Agreement, Lew and Medtronic stipulated to a dismissal without prejudice of all claims asserted in the First Medtronic Complaint. (See Joinder Mot., Ex. 6, *Jerome Lew v. Medtronic, Inc. et al.*, Order for Dismissal Without Prejudice, Case No.: SACV 12-01788 JST (MLGx), Doc. 8-1.)

On December 19, 2012, after the California Code of Civil Procedure § 364 90-day waiting period had expired, Lew filed a complaint in Orange County Superior Court against Dr. Wang, The Regents, and other healthcare provider defendants, based on the same underlying facts as the First Medtronic Complaint and the Joinder Motion at issue here. (Compl. ¶ 6.; Joinder Mot., Ex. 7, "Wang/Regents Action," Doc. 8-1.) The parties stipulated to a change of venue and the Wang/Regents Action was transferred to Los Angeles Superior Court on March 8, 2013. (Joinder Mot., Ex. 8, "Transfer," Doc. 8-1.) On October 1, 2014, the parties stipulated to allow Lew to file a second amended complaint ("SAC") to include only Dr. Wang and The Regents as defendants. (Compl. ¶ 6; Joinder Mot., Ex. 12, "SAC," Doc. 8-1.)

On September 22, 2014, Lew provided Medtronic with notice that it intended to end the Tolling Agreement. (Joinder Mot., Ex. 11, "Tolling Agreement Notice," Doc. 8-1.) On October 16, 2014, Lew filed the present action in Los Angeles Superior Court

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. CV 14-08303-JLS (VBKx) | Date: December 16, 2014 |
| Title: Jerome Lew v. Medtronic, Inc. et al. | |

against Medtronic. (Compl.) When Lew filed the present action against Medtronic in state court, Lew also filed a Notice of Related Case, identifying the Wang/Regents Action as an action that "involves the same parties and is based on the same or similar claims," "arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact," and "is likely for other reasons to require substantial duplication of judicial resources if heard by different judges." (Joinder Mot., Ex. 13, "Notice of Related Case," Doc. 8-1.) Lew contends that it always intended to consolidate the present action and the Wang/Regents Action, but that Medtronic removed the action to this Court on October 27, 2014, on the basis of diversity jurisdiction, before Lew could move to consolidate the two cases. (Joinder Mot. at 3-4; Notice of Removal, Doc. 1.)

The present Complaint against Medtronic asserts three causes of action: (1) fraud by concealment, (2) battery, and (3) negligence per se. (Id. ¶¶ 66-141.) The Complaint asserts that Medtronic "conspired with physicians to fraudulently coerce patients into undergoing experimental cervical spine surgery with an unapproved/uncleared corpectomy cage and the Infuse® Bone Graft." (Id. ¶ 67.) Specific to Lew's surgery, the Complaint alleges that Medtronic "conspired and agreed with Dr. Wang and The Regents to convince Mr. Lew to undergo surgery in his cervical spine," and that in furtherance of the conspiracy, "Dr. Wang and The Regents intentionally concealed and failed to disclose" to Lew a variety of facts related to the surgical procedure, the medical devices that would be used during the spinal surgery, and Dr. Wang's financial relationship with Medtronic. (Id. ¶¶ 68-71.) Throughout the Complaint, Lew alleges that Medtronic, Dr. Wang, and The Regents acted as co-conspirators and joint tortfeasors in relation to Lew's spinal surgery and the use of Infuse®. (Id. ¶¶ 86, 94-96, 102-103, 118-119.)

Lew seeks to file an FAC and allege claims against Medtronic, Dr. Wang, and The Regents for fraud by concealment, battery, and negligence. (Joinder Mot., Ex. 17, "Proposed FAC," Doc. 8-1.) Lew also requests that, if the Court permits Lew to file an FAC and add Dr. Wang and The Regents as defendants, the Court remand this action pursuant to 28 U.S.C. § 1447(e) because Lew, Dr. Wang, and The Regents are all California residents. (See Joinder Mot. at 1.; Compl. ¶¶ 2-8.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. CV 14-08303-JLS (VBKx)                                    Date:  December 16, 2014
Title:  Jerome Lew v. Medtronic, Inc. et al.

## II.     MOTION TO AMEND AND JOIN PARTIES

Federal Rule of Civil Procedure 20(a) provides that additional defendants may be joined in an action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  Where, as here, a plaintiff seeks to join additional defendants after removal "whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  In determining whether to permit joinder under § 1447(e), the courts of this District consider:

> (1) whether the party sought to be added would be a necessary party to be joined under Federal Rule of Civil Procedure 19(a); (2) whether the plaintiff would be prejudiced; (3) whether the joinder was timely; (4) whether the joinder is solely for the purpose of defeating federal jurisdiction; and (5) whether the claim against the new party seems valid.

*Galerie Homeowners Ass'n v. Chartis Prop. Cas. Co.*, No. SACV 12-00290-JST, 2012 WL 3112067, at *1 (C.D. Cal. July 30, 2012) (quoting *Negrete v. Meadowbrook Meat Co.*, No. ED CV 11-1861 DOC, 2012 WL 254039, at *2 (C.D. Cal. Jan. 25, 2012)).

Plaintiff contends that Dr. Wang and The Regents, as joint tortfeasors, "would be liable to [P]laintiff arising out of the same occurrences and common facts as those alleged against Medtronic."  (Joinder Mot. at 7.)  Plaintiff further argues that the Proposed FAC intends to join Dr. Wang and The Regents as co-conspirator defendants and joint tortfeasors because neither "Medtronic nor Dr. Wang nor The Regents alone could perpetrate this fraud and battery" on Plaintiff.  (Id.)  While Plaintiff contends that each of the above-enumerated factors weigh in favor of joinder (Joinder Mot. at 11-20), Defendants contend that each factor weighs against joinder.  (Joinder Opp'n at 8-21.)  The Court has considered each of the above-enumerated factors, and concludes that joinder is appropriate in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. CV 14-08303-JLS (VBKx) | Date:  December 16, 2014 |
| Title:  Jerome Lew v. Medtronic, Inc. et al. | |

### A.   Whether Dr. Wang and The Regents are Necessary Parties

Plaintiff's Joinder Motion contends that Dr. Wang and The Regents, "as co-conspirators with Medtronic, are necessary and indispensable parties to the conspiracy to commit fraud and battery causes of action." (Joinder Mot. at 1.)  However, "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp.*, 498 U.S. 5, 7, 111 S. Ct. 315, 316, 112 L. Ed. 2d 263 (1990).  "Co-conspirators, like other joint tortfeasors, are not deemed indispensable parties." *Mintel Learning Tech., Inc. v. Beijing Kaidi Educ.*, No. C 06 7541 PJH, 2007 WL 2288329, at *13 (N.D. Cal. Aug. 9, 2007) (citing *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 329-30, 75 S.Ct. 865, 99 L.Ed. 1122 (1955)); *but see In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 906 (C.D. Cal. 2011).  Dr. Wang and The Regents are likely not necessary parties under Federal Rule of Civil Procedure 19(a).

Although this factor does not weigh in favor of joinder, the Court finds that the remaining four factors do.

### B.   Whether Plaintiff Would Be Prejudiced

Plaintiff contends that if the Court denies joinder and remand, Plaintiff will be prejudiced because "Plaintiff will be required to take duplicate depositions, conduct duplicate discovery, retain and pay for duplicate experts to testify in two different actions and trials," and have "two separate court actions in two different forums . . . [with] a risk of inconsistent verdicts, which could be prejudicial to both parties." (Joinder Mot. at 20.)  Defendants, on the other hand, attempt to characterize Plaintiff's overall claims as one for products liability against Medtronic and one for medical malpractice against Dr. Wang and The Regents, which Defendants contend "are two entirely different species that in no way threaten to create inconsistent verdicts." (Joinder Opp'n at 18.)

However, Plaintiff has alleged that Medtronic, Dr. Wang, and The Regents were co-conspirators and joint tortfeasors who committed "the intentional torts of fraud and battery by implanting an unapproved/uncleared medical device" in Plaintiff during spinal surgery.  (Joinder Reply at 15; Compl. ¶¶ 67-71, 86, 94-96, 102-103, 118-119.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. CV 14-08303-JLS (VBKx)     Date:  December 16, 2014
Title:  Jerome Lew v. Medtronic, Inc. et al.

"Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration . . . [and] incur[] tort liability co-equal with the immediate tortfeasors." *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510-11, 869 P.2d 454 (1994).  The Court is therefore persuaded that joinder is appropriate in that (1)"any right to relief is asserted against [Medtronic, Dr. Wang, and The Regents] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) questions "of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  Plaintiff would therefore suffer prejudice if its Joinder Motion is denied.  *See Negrete*, 2012 WL 254039, at *9 ("Prejudice to a plaintiff is shown where denying amendment would force the plaintiff to choose between: (1) engaging in "redundant litigation" in state court arising out of the "same facts and involving the same legal issues"; or (2) foregoing its potential claims against the to-be-added party.").

      Defendants, on the other hand, will not suffer prejudice from the addition of Dr. Wang and The Regents.  Though Defendants argue that "Medtronic would enter the litigation significantly behind the other parties" if the Court grants joinder, remands the case, and the state court consolidates the two cases (Joinder Opp'n at 17.), Defendants have not presented any reason why Defendants could not avail themselves of discovery in state court.  *See Yang v. Swissport USA, Inc.*, No. C 09-03823 SI, 2010 WL 2680800, at *4 (N.D. Cal. July 6, 2010) (granting motion to amend under Section 1447(e) to add non-diverse defendants and thus remanding, even though parties had conducted discovery for more than six months and a mediation was scheduled).  Remand to the state court is not prejudice.  *Cf. Hughes v. Promark Lift, Inc.*, 751 F. Supp. 985, 987 (S.D. Fla. 1990) ("The mere fact that a Defendant faces the prospect of a trial in state court is insufficient in itself to demonstrate legal prejudice.")

      Accordingly, the Court finds that this factor weighs in favor of joinder.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. CV 14-08303-JLS (VBKx)                                    Date:  December 16, 2014
Title:  Jerome Lew v. Medtronic, Inc. et al.

### C.   Whether the Joinder Was Timely

Defendants contend that "Plaintiff sat and waited for two years before seeking a unified, joint action against [Medtronic, Dr. Wang, and The Regents]." (Joinder Opp'n at 15.)  Defendants argue that this constitutes unexplained delay in requesting joinder.  (Id. at 14.)

However, when Plaintiff filed his First Medtronic Complaint on September 21, 2012, he alleged that "[o]nce the 90-day wait period [pursuant to § 364] expires without resolution, Plaintiff intends to amend his complaint to name Dr. Wang [and The Regents] as [] defendant[s]."  (First Medtronic Complaint ¶¶ 57-58.)  On October 16, 2012, prior to the expiration of the California Code of Civil Procedure § 364 90-day wait period, Medtronic removed the First Medtronic Complaint to federal court based on diversity.  (First Removal.)  Less than two weeks later, Plaintiff and Medtronic entered into the Tolling Agreement, requiring Plaintiff to voluntarily dismiss his First Medtronic Complaint.  (Tolling Agreement ¶ 6.)  Therefore, as a result of these events, Plaintiff did not have an opportunity to seek a unified, joint action against Medtronic, Dr. Wang, and The Regents because of Defendants removal.  Further, there was no reason for Plaintiff to seek such a joint action because the Tolling Agreement seems to have been intended to provide Plaintiff and Defendants with the opportunity to research and/or settle Plaintiff's claims against Medtronic outside of the judicial process.  (*See* Tolling Agreement.)

Moreover, when Plaintiff filed the present action against Medtronic on October 16, 2014, he also filed a Notice of Related Case, identifying the Wang/Regents Action as an action that "involves the same parties and is based on the same or similar claims," "arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact," and "is likely for other reasons to require substantial duplication of judicial resources if heard by different judges." (Notice of Related Case.)  Yet, once again before Plaintiff could move to consolidate the present action and the Wang/Regents Action, Medtronic removed the action to this Court on October 27, 2014.  (Notice of Removal.)  Only 17 days later, Plaintiff filed his Joinder Motion.  As a result, Plaintiff's Joinder Motion is timely.  *See* 28 U.S.C. § 1447(c).

___

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. CV 14-08303-JLS (VBKx) | Date:  December 16, 2014 |
| Title:  Jerome Lew v. Medtronic, Inc. et al. | |

Accordingly, the Court finds that this factor weighs in favor of joinder.

### D.   Whether Plaintiff Seeks Joinder to Defeat Federal Jurisdiction

Whether joinder is solely for the purpose of defeating federal jurisdiction has been described as the most important issue addressed by courts analyzing joinder under § 1447(e).  *See Negrete*, 2012 WL 254039, at *9.  Plaintiff argues that "Plaintiff's intent from his initial filing to the present motion has been to consolidate the Medtronic action with the Wang/Regents [A]ction in state court[ and thus] Dr. Wang and The Regents are not being joined for an improper purpose."  (Joinder Mot. at 18.)  Defendant, on the other hand, contends that the alleged delay in seeking joinder "suggests that Plaintiff is now solely motivated to destroy diversity" and that Plaintiff is "improperly attempting to maneuver around" the Tolling Agreement.  (Joinder Opp'n at 15.)  The Court, however, is not persuaded that Plaintiff seeks joinder solely for the purpose of defeating federal jurisdiction.

As discussed above, when Plaintiff filed its First Medtronic Complaint in state court on September 21, 2012, Plaintiff alleged that "[o]nce the 90-day wait period [pursuant to § 364] expires without resolution, Plaintiff intends to amend his complaint to name Dr. Wang [and The Regents] as [] defendant[s]."  (First Medtronic Complaint ¶¶ 57-58.)  While in hindsight it may have been advisable for Plaintiff to have waited until the 90-day wait period expired so that Plaintiff could file a single state court action against Medtronic, Dr. Wang, and The Regents, Plaintiff was unable to add Dr. Wang and The Regents to the state court action because Medtronic removed the case to federal court before Plaintiff could amend his complaint.  Moreover, Plaintiff filed a Notice of Related Case when it filed the present action against Medtronic in state court on October 16, 2014, further displaying Plaintiff's intention that his claims be resolved in a single state court action.  *See* Fed. R. Civ. P. 20(a)(2).

Defendants argue, however, that the Tolling Agreement between the parties requires Plaintiff to litigate his claims against Medtronic in federal court.  (Joinder Opp'n at 7.)  According to Defendants, "Plaintiff breached the Tolling Agreement by filing this claim in state court, and now that Medtronic has properly and timely removed, Plaintiff is

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. CV 14-08303-JLS (VBKx)					Date:  December 16, 2014
Title:  Jerome Lew v. Medtronic, Inc. et al.

making additional efforts to evade his promise by adding non-diverse defendants and seeking remand." (Id.)  Defendants claim that "[i]t would be an injustice to allow Plaintiff to escape the express requirements of the Tolling Agreement by allowing him to join non-diverse defendants to secure a remand." (Joinder Opp'n at 8.)  In support of these contentions, Defendants cite *Jaffe v. Morgan Stanley & Co.*, No. C 06-3903 TEH, 2008 WL 2265200 (N.D. Cal. June 2, 2008).

In *Jaffe*, plaintiff signed a tolling agreement with defendant that suspended all actions related to plaintiff's individual claims of race and age discrimination against defendant. *Id.* at *2.  The tolling agreement provided that plaintiff's claims would be tolled for 45 days from the date she opted out of the class action settlement and that she "may dismiss her claims alleged in the Northern District of California without prejudice, and refile individual claims of race and age discrimination in another judicial district in New York or Michigan." *Id.*  When plaintiff opted out of the settlement, instead of dismissing her claims and refiling them in Michigan or New York as specified in the tolling agreement, she filed in the existing Northern District of California action "a bare-bones Motion for Leave to File Individual Complaint and to Transfer Complaint to the Eastern District of Michigan." *Id.*

The *Jaffe* court denied plaintiff's motion for leave, in part because plaintiff had bound herself to certain terms in the tolling agreement.  However, the court also identified several other reasons why plaintiff's motion should be denied.  First, the court found that the court had no personal jurisdiction over the newly-named individual defendants because there were no factual allegations in plaintiff's complaint tying the individual defendants to the Northern District of California. *Id.* at *1.  Second, the court held that it was not the proper venue for plaintiff's individual Title VII claims based on Title VII's venue provisions. *Id.* at *3.  Third, the court believed that plaintiff's motion was an attempt "to allow her to circumvent the [tolling] agreement to manipulate applicable statutes of limitation." *Id.*  The court would not allow such "procedural maneuvering to extend its terms to other claims or defendants." *Id.*  Fourth, the court denied plaintiff's motion because plaintiff sought to amend in bad faith and she failed to file a reply to her motion "to dispel the appearance of bad faith." *Id*. at *4.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. CV 14-08303-JLS (VBKx) | Date: December 16, 2014 |
| Title: Jerome Lew v. Medtronic, Inc. et al. | |

Here, as in *Jaffe*, Plaintiff and Defendants entered into a Tolling Agreement. However, none of the other reasons for which the *Jaffe* court denied plaintiff's motion are present here.

First, the present action is for fraud, battery, and negligence. Therefore, Plaintiff's claims are not subject to any of the special Title VII venue provisions that were applicable in *Jaffe*.

Second, there is no evidence that Plaintiff is attempting to manipulate applicable statutes of limitations for his claims because Plaintiff has been actively litigating his claims against Dr. Wang and The Regents in state court since 2012, and Plaintiff entered into a Tolling Agreement with Defendants to preserve his claims against Medtronic. In fact, Plaintiff's state court claims against Dr. Wang and The Regents include claims for battery and fraud by concealment – the same causes of action that Plaintiff wishes to assert here against Dr. Wang and The Regents. (SAC ¶¶ 112-121, 153-177.)

Third, as discussed above, Plaintiff alleged in its First Medtronic Complaint that he intended to name Dr. Wang and The Regents as defendants, but Plaintiff was unable to do so because Medtronic removed the case to federal court before the California Code of Civil Procedure § 364 90-day wait period had expired. (First Medtronic Complaint ¶¶ 57-58.) Thus, there is no evidence that Plaintiff is acting in bad faith.

Nevertheless, Defendants contend that Plaintiff ignored the express terms of the Tolling Agreement by filing the present action in state court rather than federal court, and therefore the present action should not be remanded. (Joinder Opp'n at 2.) Plaintiff responds that "once the original Medtronic complaint was dismissed without prejudice and the existing claims tolled, the only way to effect [sic] the goal of consolidation was to re-file the complaint in state court." (Joinder Reply at 3.) Plaintiff's decision to file the present action in state court with the intention of consolidating this action with the Wang/Regents Action seems to be the best decision Plaintiff could have made under the circumstances. If Plaintiff originally had filed the present action against Medtronic in federal court, Plaintiff could not have moved to remand the case and thus would have been forced to suffer the prejudice discussed above. (See Joinder Mot. at 20.) On the other hand, Plaintiff could not have filed a new federal action against Medtronic, Dr. Wang, and The Regents in this Court because Plaintiff, Dr. Wang, and The Regents are

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. CV 14-08303-JLS (VBKx)                                        Date:  December 16, 2014
Title:  Jerome Lew v. Medtronic, Inc. et al.

all California citizens.  See 28 U.S.C. § 1332(a).  The Supreme Court has stated that "no action of the parties can confer subject-matter jurisdiction upon a federal court.  Thus, the consent of the parties is irrelevant." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S. Ct. 2099, 2104, 72 L. Ed. 2d 492 (1982) (citing *California v. LaRue*, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972)).  As a result, Defendants removal of the present action from state court to federal court before Plaintiff could move to consolidate this action with the pending Wang/Regents Action should not supersede Rule 20's interests in trial convenience, preserving judicial resources, and preventing multiple lawsuits.  "Rule 20 [of the Federal Rules of Civil Procedure] regarding permissive joinder is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits. *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977).

Accordingly, the Court is not persuaded that Plaintiff seeks joinder solely for the purpose of defeating federal jurisdiction.  Nor should the Tolling Agreement supersede the subject-matter jurisdiction requirements of Article III or outweigh the fact that Plaintiff has asserted claims against Medtronic, Dr. Wang, and The Regents for actions "arising out of the same transaction, occurrence, or series of transactions or occurrences" involving questions of law and/or fact common to all defendants."  Fed. R. Civ. P. 20(a)(2).

Accordingly, this factor also weighs in favor of joinder.

### E.   Whether Plaintiff States Valid Claims Against Dr. Wang and The Regents

Finally, Defendants argue that Plaintiff's proposed claims against Dr. Wang and The Regents are invalid, and that "Plaintiff's claims against Dr. Wang and [The Regents] would be time-barred if they were added to this action."  (Joinder Opp'n at 14.)  Defendants contend that because "Plaintiff has no possibility of proving his proposed claims against Dr. Wang and the hospital . . .[,] joining Dr. Wang and [The Regents] would amount to fraudulent joinder."  (Id. at 21.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. CV 14-08303-JLS (VBKx)  Date:  December 16, 2014
Title:  Jerome Lew v. Medtronic, Inc. et al.

The Ninth Circuit has explained that if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (internal citations and quotations omitted). A statute of limitations defense is also a permissible means to establish fraudulent joinder. *See Ritchey v. Upjohn Drug Co*., 139 F.3d 1313, 1320 (9th Cir. 1998). A defendant, however, bears the "heavy burden" of establishing fraudulent joinder. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp*., 494 F.3d 1203, 1206 (9th Cir. 2007). "The standard is not whether plaintiff[] will actually or even probably prevail on the merits, but whether there is a *possibility* that [he] may do so." *Rico v. Jones Lang LaSalle Americas, Inc.*, No. CV 14-1322-GHK JEMX, 2014 WL 1512190, at *2 (C.D. Cal. Apr. 16, 2014) (quotation marks omitted) (emphasis added).

Here, Plaintiff's Proposed FAC alleges claims against Medtronic, Dr. Wang, and The Regents for fraud by concealment, battery, and negligence. (Proposed FAC ¶¶ 67-147.) Plaintiff has consistently asserted that Medtronic "conspired with physicians to fraudulently coerce patients into undergoing experimental cervical spine surgery with an unapproved/uncleared corpectomy cage and the Infuse® Bone Graft" and that Medtronic "conspired and agreed with Dr. Wang and The Regents to convince [Plaintiff] to undergo surgery in his cervical spine." (Compl. ¶¶ 67-71.) As a result, Plaintiff has satisfied his burden because there is at least the possibility that Medtronic, Dr. Wang, and The Regents acted as co-conspirators and joint tortfeasors in relation to Plaintiff's spinal surgery and the use of Infuse®. (*See also* Joinder Reply at 12-14.) The Court is also persuaded that there is, at minimum, a possibility that Plaintiff's claims against Dr. Wang and The Regents are not time-barred. (*See* Joinder Reply at 1, 7-10.)

Accordingly, the Court finds that this final factor also weighs in favor of joinder of Dr. Wang and The Regents.

As only one of the five factors courts consider under § 1447(e) weighs against joinder, Plaintiff's Joinder Motion is GRANTED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. CV 14-08303-JLS (VBKx)             Date: December 16, 2014
Title: Jerome Lew v. Medtronic, Inc. et al.

### III.  REQUIRED REMAND

Once a district court joins a non-diverse defendant under § 1447(e), remand becomes mandatory.  *Stevens v. Brink's Home Sec., Inc*., 378 F.3d 944, 949 (9th Cir. 2004).  Therefore, this case must be remanded to the state court.

### IV.  DEFENDANTS' MOTION TO DISMISS

Because the Court has decided to remand this case to state court, Defendants' Motion to Dismiss Plaintiff's Complaint is moot.

### V.  CONCLUSION

For the foregoing reasons, Plaintiff's Joinder Motion (Doc. 8) is GRANTED, and Plaintiff's Proposed FAC—Exhibit 17 to the Joinder Motion (Doc. 8-1)—is deemed filed.  The Court further ORDERS that this case be REMANDED to Los Angeles Superior Court, Case No. SC123264.  Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 14) is therefore DENIED as moot.

                                                       Initials of Preparer:  tg